UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT L. TAYLOR and ROBIN A. TAYLOR, on behalf of themselves and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>     Defendant. | Case No. 4:16-cv-04167-SLD-JEH |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO REOPEN THE CASE PURSUANT TO FED. R. CIV. P. 59(e) and 60
AND FOR RECONSIDERATION**

   Plaintiffs move this Court to vacate the judgment entered in this action on August 14, 2017 (the "Judgment") and for reconsideration of its dismissal of this action in its Order dated August 10, 2017 (Dkt. No. 24) ("Order").  In the Order, the Court addressed the sufficiency of Plaintiffs' pleading of the First Amended Complaint's claims brought under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and under the federal Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. §§ 1692 *et seq.*  The Court did not reach Plaintiffs' two state law claims, stating that it declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367.  Order at 15.  Most respectfully, it appears that the Court did not apprehend that, in addition to 28 U.S.C. § 1367, the First Amended Complaint alleged jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").  First Amended Complaint ¶ 11 (Dkt. No. 9).  Accordingly, the Court's dismissal of

1

the state law claims (and the case itself) was clearly erroneous inasmuch as the Court has separate, original jurisdiction over those claims under CAFA.  Therefore, the Judgment should be vacated and this case should be reopened so those claims can proceed through adjudication.

Upon reopening, this Court should first address Defendant's motion to dismiss the state law claims.  Secondly, upon reopening, Plaintiffs also move the Court to reconsider its dismissal of the FDCPA claims.  The Order overlooked and did not directly address Plaintiffs' argument that each attempt to collect on an illegal, invalid, or unenforceable contract violates the FDCPA because each such attempt is a false representation of the legal status of the debt and a threat to take action that cannot legally be taken.  By the same token, because the Taylor's loan modification was illegal, invalid, and unenforceable, Ocwen's credit reporting that included an unlawful amount as allegedly owed likewise violated the FDCPA.  The Court's Order dismissing Plaintiffs' FDCPA claims did not address these points and the Order should be reconsidered.

## STANDARD OF REVIEW

In order to succeed on a Rule 59(e) motion, the petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Robinson v. Krueger*, No. 1:17-cv-01187-JBM, 2017 U.S. Dist. LEXIS 84446, at *5 (C.D. Ill. June 1, 2017).  *See also Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (same).  Federal Rule of Civil Procedure 60(a) provides that the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Under Federal Rule of Civil Procedure 60(b), the Court may "relieve a party or its legal representative from a final judgment . . . for . . . (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other reason that justifies relief."  Rule 60(b)(1) "applies to mistakes by the

court as well as mistakes by parties but its application is limited." *In re Zoll*, No. 10 B 2748, 2012 Bankr. LEXIS 342, at *23-24 (U.S. Bankr. N.D. Ill. Feb. 1, 2012) (citing *Williams v. U.S. D.E.A.*, 51 F.3d 732, 735 (7th Cir. 1995)).  Rule 60(b)(1) provides relief based upon 'mistake' in two instances:  (1) when a party has made an excusable litigation mistake or an attorney has acted without authority; or (2) when the court has made a mistake of fact in the final judgment or order. *Id.* (citations omitted).  *See also Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (stating that a "mistake" conceivably justifying relief usually involves an inadvertent "misunderstanding of the surrounding facts and circumstances").

In turn and similarly, a motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  "Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion." *Caisse*, 90 F.3d at 1270 (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)).

**ARGUMENT**

I. **The Court's Dismissal of the State Law Claims (and the Case) on the Grounds That It Determined Not to Exercise Supplemental Jurisdiction When Plaintiffs Also Pled Jurisdiction Under CAFA Was Clearly Erroneous and Resulted From an Oversight That Requires Reopening the Case**

As stated above, the Court's Order appears to have misapprehended that the only basis for the First Amended Complaint's state law claims was supplemental jurisdiction under 28 U.S.C. § 1367.  In actuality, however, the First Amended Complaint at paragraph 11 also alleged, in addition to Section 1367, CAFA jurisdiction pursuant to 28 U.S.C. § 1332.  Whether considered a matter of misapprehension, a clear and manifest error, a mistake, or "any other

3

reason that justifies relief", the dismissal of the case was therefore incorrect. *See, e.g., Robinson*, 2017 U.S. Dist. LEXIS 84446, at *5 (granting Rule 59(e) motion on basis of manifest error of law because its "analysis of the enumerated crimes" was "legally correct" but "not applicable" to petitioner); *Salveson v. JP Morgan Chase Co.*, 166 F. Supp. 3d 242, 253-54 (S.D.N.Y. 2016) (granting motion for reconsideration where court had misapprehended CAFA jurisdictional requirements); *Alexan v. Burke*, 62 F. Supp. 3d 784, 792 (N.D. Ill. 2014) (holding that in dismissing plaintiff's case, the court made a mistake under Rule 60(b)(1), which warranted vacating order of dismissal and exercising supplemental jurisdiction over claims); *Miller v. Vohne Liche Kennels, Inc.*, No. 1:12-cv-00054, 2013 U.S. Dist. LEXIS 48126, at *9 (S.D. Ind. Apr. 3, 2013) (granting motion for reconsideration where "Court conclude[d] that it committed an error of law when it imposed monetary and injunctive sanctions"); *Edinburgh Council ex rel. Lothian Pension Fund v. Vodafone Group Pub. Ltd.*, 07-civ-9921, 2009 U.S. Dist. LEXIS 29835, at *3 (S.D.N.Y. Apr. 9, 2009) (granting motion for reconsideration of order dismissing claims on procedural grounds where court overlooked status of plaintiff); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 225 F.R.D. 230 (N.D. Ill. 2004) (granting Rule 60(a) motion retaining jurisdiction over settlement agreement based on intention of the parties).

Thus, this Court should reconsider its Order, and reopen the case to consider the state law claims which are properly before the Court.

## II. The Taylors' FDCPA Claims Are Not Barred By The Statute of Limitations

### A. Ocwen's Recent Collection Activity is Neither Rendered Legal Nor Excused By The Unenforceable Loan

Respectfully as to the FDCPA claim, this Court overlooked and failed to address a key argument advanced by Plaintiffs regarding the timeliness of their claims based on Ocwen's collection efforts within one year of filing. The Order states:

4

> But the Taylors beg the question by assuming, without argument, that the particular communications described here, sent within a year of the Taylors' lawsuit, can have independently violated the FDCPA. They cannot.

Order at 13.

Plaintiffs in fact argued this very point, with citation to supporting authority which this Court did not discuss. At pages 13-14 of their Opposition, Plaintiffs asserted:

> The second, and independent, reason that Plaintiffs' FDCPA claim exists is that Ocwen's statute of limitations argument is founded on an unenforceable contract, the loan modification. As alleged in the FAC ¶ 67, the loan modification itself was fraudulently induced. Because it is therefore not a lawful contract, it cannot serve to excuse subsequent misrepresentations of the amount lawfully owed. In *Nance v. Ulferts*, 282 F. Supp. 2d 912 (N.D. Ind. 2003), for example, the parties' illegal payday loan agreement allowed for collection of the amount due, treble damages, and attorney fees. When the debt collector sought these amounts, the Court held it liable for misrepresenting the "the character, amount, or legal status of any debt," in violation of 15 U.S.C. 1692e(2)(A)), and for violating 15 U.S.C. 1692f(1) by collecting amounts not expressly authorized by the agreement creating the debt or permitted by law because the underlying contract was unenforceable. *Id*. at 918 (granting summary judgment to plaintiff).

Dkt. 18 at 13-14. Although the statute of limitations was not at issue in *Nance*, its holding is based on the same principle as Plaintiffs have advanced here. A fraudulently induced contract, like the illegal payday loan in *Nance*, is unenforceable. Neither one serves to excuse tainted efforts to collect on the invalid contract. Such attempts are not permitted by law because the underlying agreement is invalid, and they are therefore independent violations of the FDCPA.

In addition to *Nance*, a case decided two weeks after Plaintiff filed her Opposition to the Motion to Dismiss likewise recognized this same principle. And it did so in the context of Motion to Dismiss based on the statute of limitations. *Harry v. American Brokers Conduit*, 2017 U.S. Dist. LEXIS 4745, at *24-26 (D. Mass. Jan. 12, 2017) involved "attempts to collect on an

allegedly fraudulent and void note." The court held that any such attempts which occurred within a year of filing of the FDCPA complaint are actionable as false representations of the legal status of the debt and a threat to take action that cannot legally be taken.

These two cases recognize and hold – as this Court has declined to – that collection efforts which are based on an illegal agreement are requests for payments not "permitted by law," as well as misrepresentations of the legal status of the debt because an invalid agreement is just that – invalid. They affirm the position which this Court rejected: that Ocwen's fraudulent inducement "poison[s] all later communications about a debt" by a debt collector. Order at 14. Neither Ocwen nor this Court has cited any cases supporting the opposite conclusion.

Moreover, the implication of the Court's holding is that Ocwen may continue with impunity to abuse the Taylors by seeking amounts in violation of the discharge cure Order. The injustice and dangers created by immunizing prospective illegal conduct is clear. *See*, *e.g.*, *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (holding that to rule in defendants' favor on its claim of res judicata "'would in effect immunize the defendant against all suits concerning [subsequent] infringements of the same trademark,' leaving the defendant free, by virtue of having once been found liable for infringement, to infringe thereafter in perpetuity.") (internal citations omitted).

      **B.**    **Ocwen's Credit Reporting Within a Year of Filing Also Violated The FDCPA**

This Court also committed manifest error in holding that Plaintiffs' credit reporting claim was likewise negated by the fraudulently induced loan modification. For the same reasons discussed above, the illegal status of the loan modification cannot be ignored in assessing whether Ocwen was communicating to the Credit Reporting Agencies credit information which is known or which should be known to be false. In this regard, *Grace v. LVNV Funding, Inc.*, 22

F. Supp. 3d 700, 708 (W.D. Ky. 2014) is more directly on point than the cases this Court distinguished in its Order. In *Grace*, the court considered the timeliness of plaintiff's FDCPA claims which arose from the defendant's credit reporting and efforts to collect on a 2010 contract that the court found to be usurious. The court held:

> PSI's act of reporting an amount owing that included an unlawful amount of disguised interest apparently violates three separate provisions of the FDCPA: attempting to collect an amount not permitted by law (15 U.S.C. § 1692(f)(1)), falsely representing the character, amount, or legal status of a debt (15 U.S.C. § 1692e(2)(A), and communicating credit information which is known or should be known to be false (15 U.S.C. § 1692e(8)).

22 F. Supp. 3d at 708. These are the same violations asserted by plaintiff here. The court further held:

> If Grace can show that PSI reported or answered a communication from the credit agencies confirming a debt with interest it was not entitled to after May 2012, and this discrete communication occurred within a year of Grace's complaint, Grace may be entitled to statutory relief under the FDCPA.

*Id*.

The FAC here alleged that Ocwen violated the FDCPA by "Communicating . . . to any person credit information which is known or which should be known to be false." 15 U.S.C. §1692(e)(8). Since Ocwen knew of the Taylor's bankruptcy cure, it certainly should have known its communications to credit reporting agencies, made within a year of the filing of this action, were false. The existence of the illegal loan modification in no way diminishes or excuses Ocwen's subsequent reporting to Credit Reporting Agencies a debt amount it knew or should have known to be false.

Plaintiffs have thus plausibly pled FDCPA violations that occurred within one year prior to their filing this action. Plaintiffs urge this Court to reconsider its Order of dismissal of these

7

claims and permit this Cause of Action to proceed to discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion Reopen the Judgment and for Reconsideration should be granted.

Dated: Rye Brook, New York
      August 22, 2017

Respectfully Submitted,

By: /s/ Seth Lesser
Seth Lesser (NY Bar # 2265585)**
Christopher M. Timmel (NY Bar # 4535258)**
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-0220
Email: slesser@klafterolsen.com
Email: christopher.timmel@klafterolsen.com

NATIONAL CONSUMER LAW CENTER INC.
Charles Delbaum (MA Bar # 543225)**
Stuart Rossman (MA Bar #430640)**
7 Winthrop Square, 4th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
Email: cdelbaum@nclc.org
Email: srossman@nclc.org

BERGER & MONTAGUE, P.C.
E. Michelle Drake (MN Bar # 0387366)**
John G. Albanese (MN Bar # 0395882)**
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
Facsimile: (612) 584-4470
Email: emdrake@bm.net
Email: jalbanese@bm.net

DEUTSCH & DEUTSCH
Joel Deutsch (#00623059)*
1825 3rd Avenue
Rock Island, IL 61201
Telephone: (309) 788-9541
Facsimile: (309) 794-1195

Email: Deutschlaw@gmail.com

*generally admitted*
*** admitted or to be admitted pro hac vice*

ATTORNEYS FOR PLAINTIFFS

9