IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT L. TAYLOR AND ROBIN A. TAYLOR,<br><br>      Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>      Defendant. | Case No. 4:16-cv-04167-SLD-JEH |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO REOPEN THE CASE AND FOR RECONSIDERATION**

On August 10, 2017, this Court entered a well-reasoned, 15-page Order (ECF No. 24, the "Order") dismissing the claims asserted in Plaintiffs' First Amended Complaint (ECF No. 9, the "FAC") in their entirety. The Order dismissed Plaintiffs' claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and federal Fair Debt Collection Practices Act ("FDCPA"). The Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

On August 22, 2017, Plaintiffs filed their Motion to Reopen the Case Pursuant to Fed. R. Civ. P. 59(e) and 60 and for Reconsideration (ECF No. 26) and Memorandum in Support (ECF No. 26-1 (the "Motion")). In the Motion, Plaintiffs argue that the Court should reopen the case because "it appears that the Court did not apprehend that, in addition to 28 U.S.C. § 1367, the First Amended Complaint alleged jurisdiction" under the Class Action Fairness Act ("CAFA"). (Motion, p. 1). Plaintiffs also "move the Court to reconsider its dismissal of the FDCPA claims"

1

on the grounds that the Order purportedly "overlooked and did not directly address" certain of Plaintiffs' arguments. (Motion, p. 2). [1]

Plaintiffs' Motion should be denied. Contrary to Plaintiffs' arguments, this Court did not misapprehend, overlook, or fail to address any provision of law. Plaintiffs' Motion is nothing more than a meritless attempt to rehash their arguments that were thoroughly considered and rejected in this Court's Order. In short, there is no basis for the Court to revisit or revise its Order, and the Motion should be denied.

With respect to jurisdiction, Plaintiffs have not sufficiently alleged CAFA jurisdiction. Plaintiffs have not plausibly pled that the putative class size is in excess of 100 members, or that the amount-in-controversy exceeds $5,000,000.00. It was therefore appropriate for the Court to dismiss the state law claims on jurisdictional grounds.

With respect to the FDCPA claim, Plaintiffs' Motion is nothing more than a transparent attempt to rehash its prior arguments – which is not a proper basis for a motion for reconsideration. This Court specifically addressed, and rejected, Plaintiffs' arguments "that a new FDCPA violation was committed each time Ocwen mailed statements describing ongoing payments the Taylors were making on a loan alleged to have been fraudulently induced, and each time it transmitted credit information reflecting the loan's existence." (Order, p. 12). The Court should therefore decline to reopen this case or to reconsider its ruling in the Order.

**STANDARD OF REVIEW**

The Court has discretion to grant relief from judgment; but should indulge the "firm presumption" against reopening a case. *Matter of McDonald*, 118 F.3d 568 (7th Cir. 1997).

---

[1] Plaintiffs do not challenge the Court's dismissal of their RICO claim.

To succeed on a Rule 59(e) motion to alter or amend a judgment, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Robison v. Krueger*, 2017 U.S. Dist. LEXIS 84446, at *5 (C.D. Ill. June 1, 2017); *Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Under Rule 60(b), the Court may "relieve a party or its legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Nevertheless, Rule 60(b)'s "application is limited." *In re Zoll*, 2012 Bankr. LEXIS 342, at *23-24 (Bankr. N.D. Ill. Feb. 1, 2012) (citing *Williams v. U.S. D.E.A.*, 51 F.3d 732, 735 (7th Cir. 1995)). Rule 60(b) is an "extraordinary remedy" for exceptional situations. *Lardas v. Grcic*, 847 F.3d 561 (7th Cir. 2017).

A motion for reconsideration is not at the disposal of parties who want to rehash old arguments. *Young v. Murphy*, 161 F.R.D. 61, 61 (N.D. Ill. 1995) (citing *In re Oil Spill by "Amoco Cadiz"*, 794 F.Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993)). Nor is a motion for reconsideration a vehicle to introduce new evidence or legal theories that could have been raised in the original motion. *Rhone-Poulenc, Inc. v. International Ins. Co.*, 877 F.Supp. 1170, 1174 (N.D. Ill. 1995). The rulings of a district court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* Rather, "a motion for reconsideration is appropriate only when the Court has patently misunderstood a party … or has made an error not of reasoning but of apprehension." *Id.*; *see also Michel v. Princeville Comm. Unity School Dist. #326 Board of Education*, 317 F.R.D. 555, 559 (C.D. Ill. 2016). A motion for reconsideration of a judgment is not a substitute for a timely appeal, and the grounds for setting aside a judgment must be something that could not have been used to obtain a reversal by means of a direct appeal. *Smith v. Roper*, 12 Fed. Appx. 393, 397 (7th Cir. 2001).

The decision to grant a motion to reconsider is reviewed for an abuse of discretion, and will be affirmed unless it is clear that "no reasonable person could agree with the district court." *McCormick v. City of Chicago*, 230 F.3d 319, 326-27 (7th Cir. 2000).

### I. Dismissal of state law claims was appropriate because Plaintiffs have not plausibly pled CAFA jurisdiction.

Plaintiffs argue that the Court should not have dismissed the state law claims on jurisdictional grounds because, in addition to supplemental jurisdiction, Plaintiffs also alleged CAFA jurisdiction. (Motion, p. 3).

Plaintiffs are wrong. Plaintiffs have not established CAFA jurisdiction. A federal court may consider state law claims under CAFA only if minimal diversity is met, the amount-in-controversy exceeds $5,000,000.00, and the proposed class size is in excess of 100 members. *See, e.g.*, *Jovic v. L-3 Services, Inc.*, 69 F.Supp.3d 750, 760 (N.D. Ill. 2014). The party asserting federal CAFA jurisdiction must establish that CAFA's requirements are satisfied. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 2017 WL 3695205, at *5 (7th Cir. Aug. 28, 2017). The proponent of federal jurisdiction must "explain[] plausibly how the stakes exceed $5 million." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (requiring a CAFA plaintiff to "provide[] plausible, good-faith estimates demonstrating how the stakes exceed $5,000,000").

A conclusory assertion that the amount-in-controversy exceeds $5,000,000.00 is insufficient. In *Halperin v. Int'l Web Services, LLC*, 70 F.Supp.3d 893 (N.D. Ill. 2014), the court held that the plaintiff failed to properly plead CAFA jurisdiction where the complaint included only a conclusory allegation that the amount-in-controversy exceeded $5,000,000.00, without any explanation as to why this was so. *Id.* at 904.

4

Similarly, an unsupported allegation that class size is in excess of 100 members does not establish CAFA jurisdiction. In *Atteberry v. Esurance Ins. Services, Inc.*, 473 F.Supp.2d 876 (N.D. Ill. 2007), the court held that it lacked subject matter jurisdiction under CAFA where the party asserting federal jurisdiction "indulged nothing beyond unsupported speculation as to the size of the potential class and hence as to the prospect … that the $5 million jurisdictional minimum under CAFA is at issue." *Id.* at 878.

The FAC makes nothing more than a conclusory assertion that the amount-in-controversy exceeds $5,000,000.00 and that there are at least 100 members of the proposed classes. (*See* FAC, ¶ 11). Plaintiffs have not provided plausible, good-faith estimates demonstrating how the amount-in-controversy is met. The FAC "indulge[s] nothing beyond unsupported speculation as to the size of the potential class and hence as to the prospect … that the $5 million jurisdictional minimum under CAFA is at issue." Plaintiffs have not plausibly pled CAFA jurisdiction and therefore it was appropriate for the Court to decline to exercise jurisdiction over Plaintiffs' state law claims.

## II. Plaintiffs' Motion for Reconsideration of the Court's dismissal of the FDCPA claim is an improper attempt to rehash their prior arguments.

Plaintiffs ask the Court to reconsider its ruling on their FDCPA claim, arguing that "this Court overlooked and failed to address a key argument advanced by Plaintiffs regarding the timeliness of their claims based on Ocwen's collection efforts within one year of filing." (Motion, p. 4). Plaintiffs also argue that the Court "committed manifest error in holding that Plaintiffs' credit reporting claim was likewise negated by the fraudulently induced loan modification." (Motion, p. 6).

This Court has already specifically addressed and rejected Plaintiffs' arguments. In the Order, the Court acknowledged Plaintiffs' arguments "that each notification they have received

of the outstanding balance on their renegotiated loan is a new FDCPA violation, and that therefore, the statute of limitations has not run, at least as to those later notices" (Order, p. 11) and "that a new FDCPA violation was committed each time Ocwen mailed statements describing ongoing payments the Taylors were making on a loan alleged to have been fraudulently induced, and each time it transmitted credit information reflecting the loan's existence." (Order, p. 12). Nevertheless, the Court held that the FDCPA claim failed because "the Taylors claim not that Ocwen tried to collect on a debt it knew or should have known to be invalid, but that Ocwen sent them and credit reporting agencies accurate descriptions of a debt they had contracted for with Ocwen." (Order, p. 13). As the Court noted, Plaintiffs "claim that they were fraudulently induced to sign the loan modification agreement, not that the agreement itself did not exist, or that Ocwen's subsequent descriptions were untruthful depictions of this agreement." (Order, p. 13).

A motion for reconsideration that argues that "the court misinterpreted or disregarded evidence cannot be shoehorned into grounds for Rule 60(b) relief" and is properly denied. *See, e.g.*, *Smith v. Roper*, 12 Fed. Appx. 393, 398 (7th Cir. 2001) (citing *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000)). Indeed, in *Smith*, the Seventh Circuit Court of Appeals affirmed denial of a motion for reconsideration that claimed only that the district court's "errors and misappreh[e]nsion of the record and overlooked facts" required reversal of its prior decision. *Id.* Similarly, in *Young v. Murphy*, 161 F.R.D. 61 (N.D. Ill. 1995), the court held that a motion for reconsideration "is not at the disposal of parties who want to 'rehash' old arguments." *Id.* at 62 (citing *In re Oil Spill by "Amoco Cadiz,"*, 794 F.Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993); *Quaker Alloy Casting v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288

(N.D. Ill. 1988)). The court denied plaintiffs' motions to reconsider on the grounds that they were "merely an attempt to rehash old arguments and extend this litigation." *Id.* at 62-63.

Plaintiffs' Motion is a baseless attempt to rehash its prior arguments, which arguments were expressly rejected by this Court in the Order. Plaintiffs' assertion that the court overlooked or did not address its arguments is belied by the record in this case and, moreover, is not properly the basis for a motion for reconsideration. The Motion should therefore be denied.

## CONCLUSION

For all of the foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that this Court deny Plaintiffs' Motion.

Dated: September 12, 2017

Respectfully submitted,

/s/ William P. Pipal
William P. Pipal (No. 6309918)
Seth M. Erickson (No. 6299731)
TROUTMAN SANDERS LLP
55 W. Monroe St., Ste. 3000
Chicago, IL 60603
Telephone: (312) 759-1920
Facsimile: (773) 759-1939
Email: william.pipal@troutmansanders.com

John C. Lynch, *(*general admission pending) *(Lead Counsel)*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutmansanders.com

Michael E. Lacy, (general admission pending)
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
Email: michael.lacy@troutmansanders.com
*Counsel for Defendant Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on September 12, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

<u>Counsel for Plaintiffs</u>
Joel A. Deutsch
DEUTSCH & DEUTSCH
1825 3rd Avenue
Rock Island, IL 62101
Telephone: 309-788-9541
Email: deutschlaw@gmail.com

Seth R. Lesser
Christopher Timmel
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Email: slesser@klafterolsen.com
Email: christopher.timmel@klafterolsen.com

Charles Marshall Delbaum
Stuart Todd Rossman
National Consumer Law Center Inc.
4th Floor
7 Winthrop Square
Boston, MA 02110
Telephone: (617) 542-8010
Email: cdelbaum@nclc.org
Email: srossman@nclc.org

E. Michelle Drake
John G. Albanese
Berger & Montague PC
Suite 505
43 SE Main Street
Minneapolis, MN 55414
Telephone: (612) 594-5933
Email: emdrake@bm.net
Email: jalbanese@bm.net

                                                <u>/s/ William P. Pipal</u>
                                                William P. Pipal